IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**RONNIE DUNAGAN** **PETITIONER**

**V.** **CIVIL ACTION NO. 3:19CV673 HTW-LGI**

**BILLY SOLLIE** **RESPONDENT**

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Petitioner Ronnie Dunagan brings the instant petition for writ of habeas corpus relief pursuant to 28 U.S.C. § 2241. Respondent moves to dismiss the petition for failure to state a claim upon which relief may be granted, or alternatively as moot. Upon review of the pleadings and applicable case law, the undersigned recommends that the petition be dismissed.

A pre-trial detainee challenging the fact or duration of his confinement is properly brought pursuant to § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. State of Louisiana,* 816 F.2d 220, 224 (5th Cir. 1987). The "purpose of this writ is not to examine the validity of any judgment, but merely to inquire into the legality of a detention." *Fain v. Duff*, 488 F.2d 218, 222 (5th Cir. 1973) (citing *Fay v. Noia*, 372 U.S. 391, 430 (1963)).

At the time the instant petition was filed, Petitioner was a pre-trial detainee housed in the Lauderdale County Detention Facility in Meridian, Mississippi, awaiting trial on a possession of a controlled substance charge. As grounds for relief, he raised four claims

challenging the conditions of his confinement and the State's failure to comply with his Sixth Amendment right to a speedy trial.[1]  In addition to compensation, Petitioner requested to be released from custody and immediately brought to trial.

Respondent informs that Petitioner has now pled guilty to the possession charge, however, and is currently serving a ten-year sentence in the custody of the Mississippi Department of Corrections ("MDOC").  He is, therefore, no longer a pre-trial detainee and any issues challenging the lawfulness of his pretrial detention have been rendered moot.  *Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988) (recognizing that habeas petitions challenging legality of pretrial detention were rendered moot by conviction); *Thorne v. Warden, Brooklyn House of Det. of Men*, 479 F.2d 297, 299 (2d Cir. 1973) ("Since [petitioner] is now held as a convicted defendant rather than merely on a criminal charge not yet brought to trial, the issue as to the legality of his continued pretrial detention has been mooted, and it therefore becomes unnecessary to resolve the constitutional issues presented").

Even assuming that Petitioner was still a pre-trial detainee, the petition would be subject to dismissal for failing to state a cognizable claim upon which relief may be granted.  With the exception of the speedy trial claim, Petitioner challenges the conditions of his confinement, not the fact thereof.  Such claims are properly brought

---

[1] Liberally construed, Petitioner's allegations include claims related to deliberate indifference and failure-to-protect.

pursuant to 42 U.S.C. § 1983.² *Schipke v. Van Buren*, 239 F. App'x 85, 85–86 (5th Cir. 2007) ("allegations that challenge the fact or duration of confinement are properly brought in habeas petitions, while allegations that challenge rules, customs, and procedures affecting conditions of confinement are properly brought in civil rights actions").

As to his speedy trial claim, the United States Supreme Court has drawn "an important distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a speedy trial defense to a prosecution prior to trial, and one who seeks only to enforce the state's obligation to bring him promptly to trial." *Brown v. Estelle*, 530 F.2d 1280, 1280, 1283 (5th Cir. 1976) (quoting *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973)). "While the former objective is normally not attainable through federal habeas corpus, the latter is, although the requirement of exhaustion of state remedies still must be met." ³ *Id.* at 1283. However, the Court need

---

² After filing the instant petition, Petitioner filed a 42 U.S.C. § 1983 Complaint appearing to raise several of the conditions of confinement claims asserted herein. *Dunagan v. Sollie, et al*, 3:20CV520 TSL-RPM (S.D. Miss. Aug. 10, 2020). Though he initially filed a Notice of Voluntary Dismissal on October 29, 2010, he subsequently filed a Motion to Reopen which was granted on December 7, 2020. *Id.* ECF Nos. 7-9.

³ Applicants seeking federal habeas relief under 28 U.S.C. § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief. *Parr v. Quarterman*, 472 F.3d 245 (5th Cir. 2006). To satisfy the exhaustion requirement of § 2254(b)(1), a "habeas petitioner must have fairly presented the substance of his claim to the state courts." *Smith v. Dretke*, 422 F.3d 269, 276 (5th Cir. 2005). This requires submitting the factual and legal basis of every claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982).

not reach exhaustion or make this distinction here.  Petitioner's speedy trial request can no longer be granted. It was rendered moot by his guilty plea. *Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007) (action rendered moot "when the court cannot grant the relief requested by the moving party").  Even if his speedy trial claim—now governed by 28 U.S.C § 2254—were properly exhausted,[4] the instant petition is still subject to dismissal.  This is so because absent a challenge to its validity, Petitioner's guilty plea waived any non-jurisdictional defects including the right to a speedy trial. *Nelson v. Hargett*, 989 F.2d 847, 850 (5th Cir. 1993) ("[A] defendant waives all non-jurisdictional defects upon entering a guilty plea, including alleged violations of his right to a speedy trial.") (citations omitted); *Tollet v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.").

In sum, the legality of Petitioner's pre-trial detention is no longer in controversy. He pled guilty to the crime for which he was awaiting trial, and in doing so, waived any alleged violations of his right to a speedy trial.  The conditions-of-confinement claims asserted in his petition also fail to state a claim upon which relief may be granted under

---

[4] *See Hartfield v. Osborne*, 808 F.3d 1066, 1073 (5th Cir. 2015) (§ 2241 empowers a federal court to grant writs of habeas corpus in general, while § 2254 "applies to 'a person in custody ***pursuant to the judgment*** of a State court.'") (emphasis added) (citation omitted). Because Petitioner is in custody pursuant to a state court judgment following his guilty plea, § 2254 applies to his petition.

§ 2241.  For these reasons, the undersigned recommends that Respondent's Motion to Dismiss be granted and the petition be dismissed.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections.  Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on March 10, 2021.

                                                      s/ LaKeysha Greer Isaac
                                         UNITED STATES MAGISTRATE JUDGE